UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                )
BART H. RIPPL,                  )
                                )
        Plaintiff,              )
                                )
    v.                          )    Civil Action No. 06-165 (RWR)
                                )
UNITED STATES OF AMERICA,       )
                                )
        Defendant.              )
_____ )

MEMORANDUM OPINION

Pro se plaintiff Bart Rippl has sued the United States for damages under 26 U.S.C. § 7433, alleging violations of the Internal Revenue Code by agents of the Internal Revenue Service ("IRS") in the assessment and collection of taxes from him.  The government has filed a motion to dismiss under Federal Rule Civil Procedure 12(b).  Because Rippl did not exhaust his mandatory administrative remedies, the government's motion to dismiss will be granted.[1]

DISCUSSION

In considering a motion to dismiss for failure to state a claim upon which relief may be granted,[2] a court must accept all

_____

[1] Because the complaint will be dismissed for failure to exhaust administrative remedies, it is unnecessary to address the government's other arguments.

[2] Although the government characterized its motion relating to exhaustion of remedies as one for lack of subject matter jurisdiction under Rule 12(b)(1), failure to exhaust administrative remedies is more properly analyzed as a failure to

-2-

the allegations in a plaintiff's complaint as true and construe

them in the light most favorable to the plaintiff.  Jungquist v.

Sheikh Sultan Bin Khalifa Al Nahyan, 115 F.3d 1020, 1027 (D.C.

Cir. 1997).  "Dismissal under Rule 12(b)(6) is proper when,

taking the material allegations of the complaint as admitted, and

construing them in plaintiff's favor, the court finds that the

plaintiff has failed to allege all the material elements of his

cause of action."  Weyrich v. The New Republic, Inc., 235 F.3d

617, 623 (D.C. Cir. 2001) (internal citations omitted).  Stated

differently, a dismissal for failure to state a claim upon which

relief may be granted is proper "only if it is clear that no

relief could be granted under any set of facts that could be

proved consistent with the allegations."  Hishon v. King &

Spalding, 467 U.S. 69, 73 (1984).

     Section 7433 of the Internal Revenue Code authorizes a

taxpayer to bring a civil action for damages against any officer

or employee of the IRS who "recklessly or intentionally, or by

reason of negligence disregards any provision" of the Code or its

---

state a claim under Rule 12(b)(6).  Arbaugh v. Y&H Corp., 126 S.
Ct. 1235, 1245 (2006) ("[W]hen Congress does not rank a statutory
limitation on [the statute's] coverage as jurisdictional, courts
should treat the restriction as non-jurisdictional in
character."); Turner v. United States, Civil Action No. 05-1716
(JDB), 2006 WL 1071852, *3-4 (D.D.C. Apr. 24, 2006) (applying
Arbaugh to analyze a failure to exhaust administrative remedies
as an element of a claim).  Here, the government's motion to
dismiss for lack of subject matter jurisdiction will be construed
and analyzed as a motion to dismiss for failure to state a claim
upon which relief may be granted.

-3-

implementing regulations, but also provides that "[a] judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."  § 7433(a) & (d)(1).  The IRS regulations identifying the required remedies to be exhausted prior to filing a civil action for damages are set forth at 26 C.F.R. § 301.7433-1. These regulations require an aggrieved taxpayer to submit his or her claim "in writing to the Area Director, Attn: Compliance Technical Support Manager[,] of the area in which the taxpayer currently resides," and further require that the claim include:

> (i) The name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim;

> (ii) The grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service);

> (iii) A description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documentation or evidence);

> (iv) The dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable (include copies of any available substantiating documentation or evidence); and

> (v) The signature of the taxpayer or duly authorized representative.

-4-

26 C.F.R. § 301.7433-1(e).  Only if such a claim is filed may the

taxpayer proceed to file suit in federal district court pursuant

to 26 U.S.C. § 7433(a).  <u>See</u> 26 C.F.R. § 301.7433-1(d)(1)&(2).[3]

I.    EXCEPTION TO THE EXHAUSTION REQUIREMENT

Rippl does not claim that he followed the procedures set

forth in § 301.7433-1(e).[4]  Rather, he contends that the

exhaustion requirement does not apply where an adverse decision

is certain, and in particular, where the agency has articulated a

clear position on an issue and has demonstrated an unwillingness

to reconsider.  (<u>See</u> Pl.'s Opp'n at 3 (citing <u>Randolph-Sheppard</u>

<u>Vendors of Am. v. Weinberger</u>, 795 F.2d 90, 105 (D.C. Cir. 1986)).

However, neither the statute nor the implementing regulation

provides an adverse decision exception to the exhaustion

requirement of administrative remedies.  Where, as here,

---

[3] For a period between 1996 and 1998, failure to exhaust the administrative remedies did not act as a bar to a civil action, but since 1998 it has acted as a bar.  <u>See</u> <u>Evans v. United States</u>, Civil Action No. 06-32 (JDB), 2006 WL 1174481, at *2 (D.D.C. May 4, 2006).  Rippl filed this suit in 2006.

[4] In his complaint, Rippl asserts that "[p]laintiff(s) have exhausted administrative remedies *in that* plaintiff(s) has/have written numerous requests *for documents and authorities* which require responses from the IRS."  (Compl. ¶ 9 (emphasis added).)  He attaches an affidavit to the complaint attesting to substantially the same history of correspondence.  (Compl., Ex. 1, Rippl Aff. Jan. 25, 2006 (noting that he has requested records of assessments and a refund, and then concluding that he has exhausted all administrative remedies).)  However, requesting records or a refund from the IRS is not a substitute for submitting a damages claim to the IRS as 26 C.F.R. § 301.7433-1(e) requires.  <u>See</u> <u>Scott v. United States</u>, 416 F. Supp. 2d 116, 119 (D.D.C. 2006).

-5-

exhaustion is a statutory mandate, a court may not carve out an
exception unsupported by the statutory text.  See McCarthy v.
Madigan, 503 U.S. 140, 144 (1992) (stating that "[w]here Congress
specifically mandates, exhaustion is required"); Avocados Plus,
Inc. v. Veneman, 370 F.3d 1243, 1247-48 (D.C. Cir. 2004) (stating
that "[i]f [a] statute does mandate exhaustion, a court cannot
excuse it") (citing Shalala v. Ill. Council on Long Term Care,
Inc., 529 U.S. 1, 13 (2000)).  Moreover, even under circumstances
in which the exhaustion requirement is not explicitly mandated by
statute, courts have said that an implied "exhaustion requirement
may be waived in 'only the most exceptional circumstances.'
. . .  Even the probability of administrative denial of the
relief requested does not excuse failure to pursue [the
administrative remedies]."  Randolph-Sheppard Vendors of Am., 795
F.2d at 106 (citations omitted).  Accordingly, Rippl's argument
that he was not required to exhaust the administrative remedies
prescribed by regulation must fail.

II.  VALIDITY OF EXHAUSTION REGULATION

    Rippl also contends that the regulation prescribing the
required administrative remedies is invalid because the six-month
waiting period is "extreme" and unfair, and is more restrictive
than authorized by Congress.[5]  (See Pl.'s Opp'n at 12-13.)  The

_____

    [5]  Rippl also claims that administrative remedies were not
available to him until 2003 when the IRS promulgated amendments
to 26 C.F.R. § 7433-1 to conform it to the 1996 and 1998

-6-

validity of a regulation is assessed by the analysis framed in
Chevron USA, Inc. v. Natural Resources Defense Council, Inc., 467
U.S. 837 (1984), requiring a determination of whether "Congress
has directly spoken to the precise question at issue." Id. at
842-43.[6]  Where the statute is either "silent or ambiguous with
respect to the specific issue," id. at 843, "such as to make it
appear that Congress either explicitly or implicitly delegated
authority to cure that ambiguity," Am. Bar Ass'n v. FTC, 430 F.3d
457, 469 (D.C. Cir. 2005), then the question is whether the
agency's regulation reflects a "permissible construction" of the
statute.  Chevron, 467 U.S. at 843.  When Congress has delegated
authority to cure the ambiguity, the agency's construction is
granted deference.  Id. at 845.  When the agency's regulation
stems from a statute it administers, deference to the agency's
construction of the statute is at its apex.  See United States v.
Mead Corp., 533 U.S. 218, 226-27 (2001).  In short, deference to
the agency construction is greatest where "it appears that
Congress delegated authority to the agency generally to make

_____

Congressional amendments.  However, the procedure for filing an
administrative claim has been available since 1992, and remained
available following the 1996 and 1998 amendments to 26 U.S.C.
§ 7433.  See 57 Fed. Reg. at 3537; 26 C.F.R. § 7433-1(e) (1997);
26 C.F.R. § 7433-1(e) (1999); Evans, 2006 WL 1174481, at *3, *5
n.3 (discussing same).

     [6]  If the statute speaks directly to the issue in plain and
unambiguous terms, the analysis ends there and the express intent
of Congress is to be given effect.  Chevron, 467 U.S. at 842-43;
Robinson v. Shell Oil Co., 519 U.S. 337, 340 (1997).

-7-

rules carrying the force of law, and that the agency interpretation claiming deference was promulgated in the exercise of that authority." <u>Mead Corp.</u>, 533 U.S. at 226-27.

Here, although § 7433(d)(1) conditions a damages award on a finding that "the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service[,]" it is silent on the precise exhaustion procedures to be administered.  Congress granted explicit authority to the IRS to "prescribe all needful rules and regulations for the enforcement of this title, including all rules and regulations as may be necessary by reason of any alteration of law in relation to internal revenue."  26 U.S.C. § 7805(a).  <u>See also</u> <u>Evans</u>, 2006 WL 1174481, at *4 (noting that the legislative history buttresses this conclusion).  Here, the question on which the agency is entitled to deference is whether the exhaustion regulation represents a reasonable construction of the statute.

The IRS regulation prescribes a straightforward and simple process constituting exhaustion of internal remedies.  The information that a taxpayer must provide to satisfy the requirements of the regulation consists of the taxpayer's identification and contact information, "[t]he grounds in reasonable detail, for the claim, . . . [a] description of the injuries incurred," and the "dollar amount of the claim."  26 C.F.R. § 301.7433-1(e).  This is basic information that the IRS

-8-

needs to investigate a taxpayer's claim and make an informed determination.  (See Def.'s Reply at 7.)  Applying the deferential standard for a regulation implementing a statute the IRS must administer, the IRS's exhaustion regulation is a reasonable one, and Rippl's argument must be rejected.

Rippl also argues that the regulation implementing the statute is excessively restrictive in light of the statute, and therefore is invalid.  (See Pl.'s Opp'n at 13-15.)  The statute provides that "[a] judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."  § 7433(d)(1).  The regulation provides that "no action . . . shall be maintained" absent exhaustion.  26 C.F.R. § 301.7433-1(d)(1).  Attempting to draw a distinction between the two provisions that makes a difference, Rippl essentially argues that Congress intended to allow a taxpayer to maintain an action for which there was no possibility of relief.  Rippl's argument is not supported by case law, legislative history, or common sense.  See, e.g., Turner v. United States, 429 F. Supp. 2d 149, 152 (D.D.C. 2006); Scott, 416 F. Supp. 2d at 118; H.R. Rep. No. 105-364, pt. 1, at 59 (1997) ("No person is entitled to seek civil damages for negligent, reckless, or intentional disregard of the Code or regulations in a court of law unless he first exhausts his administrative

-9-

remedies."). In any case, it is an argument that -- regardless of Congressional intent -- cannot stand in face of a motion to dismiss for failure to state a claim. Rippl's argument that the regulation is excessive is without merit.

<u>CONCLUSION</u>

Because Rippl did not exhaust his administrative remedies and therefore cannot state a claim upon which relief can be granted, the government's motion to dismiss will be granted. A separate order accompanies this Memorandum Opinion.

SIGNED this 14th day of July, 2006.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge